Judge Cabell,
delivered his opinion.
Boast endorsed, for the accommodation of M’Rae, five several negotiable notes, which were passed oif by M’Rae to different persons, who recovered judgments thereon against M’Rae as maker, and Boast as endorser. Executions were taken out on these several judgments, directed to the Sergeant of the town of Petersburg, and they were all satisfied, on the same day, by a sale of Boast’s property by the Sergeant, who gave to Boast a separate receipt for the amount of each execution. Boast, thereupon, brought five several actions of trespass on the case, against. M’Rae, to recover the respective amounts of the different executions which he had been compelled to pay. We are not informed what was the nature of the defence set up in that one of these suits, which first came on to be tried. Judgment, however, was recovered on it, for the amount of one of the executions only. But in three others of these suits (the same now under consideration) M’Rae pleaded, in *482 abatement, that the different sums of money, paid as aforeggjd by Boast, ought to have been included in one suit; and Boast having replied, setting forth the facts of the case more specially, M’Rae demurred, and Boast joined in the demurrer. The Court over-ruled the demurrer; whereupon M’Rae pleaded the general issue. On the trial of the causes, M’Rae, after having proved the facts above Stated, moved the Court to instruct the jury, that inasmuch as the plaintiff might, and ought to, have recovered in the said suit that, had been first tried, the whole amount made by the Sergeant and paid by Boast on all the'executions, they ought to find for .the defendant; but the Court refused to give the instruction, on the ground that the plaintiff had recovered no more in that suit than the precise amount of one of the executions, and could not have recovered more; the suit having been brought for the amount of that execution only.
There was another bill of exceptions, setting forth that the defendant M’Rae, offered in evidence, as a set-off (of which due notice had been given) a check made by the plaintiff, and held by the defendant, for $1900, dated 3d March, 1818, payable to the defendant on demand, and addressed to the Cashier of the Farmers’ Bank of Virginia; and it appearing that the said check was dated before the notes made by the defendant, and endorsed by the plaintiff as aforesaid, the plaintiff moved the Court to instruct the jury, “ that the subsequent making of the said notes by the defendant to the plaintiff, was prima facie evidence that the said check had been paid or settled between the parties, unless the defendant could rebut the presumption by evidence;” which instruction was given by the Court. The jury found for the plaintiff in all three cases. Judgments were entered accordingly, and appeals were taken to this Court.
The consolidation of actions is not a matter of strict right, nor is it the proper subject of any plea, either in bar or in abatement. It depends on the circumstances of the case, *483 and is addressed to the discretion of the Court; and the only proper mode of bringing it to the view of the Court, is, by motion for a rule to shew cause why the actions should not he consolidated. The pleas in abatement, filed by the defendant in the Court below, were therefore, rightfully over-ruled.
The principles which govern the English Courts, and their practice under them in directing the consolidation of actions, may be seen by referring to Smith v. Crab, 2 Strange, 1149; Mynot v. Bridge, 2 Strange, 1178; Cecil v. Briggs, 2 Term Rep. 639; 1 Tidd’s Prac. 556; Imp. K. B. Prac. 668. The case of Camman v. The N. York Insurance Company, 1 Cain’s Rep. 114, and of Thompson v. Shepherd, 9 Johnson’s Rep. 262, will shew the practice in that State. In the last mentioned case, the Court say, “ a liberal extension of this rule, is well calculated to prevent oppression, by an unnecessary accumulation of costs; and we should be inclined to say, that where separate suits are brought upon notes or contracts made at the same time, and which might have been united in one action, and when the defence is the same in all, a consolidation rule ought to be granted.” Although I do not feel myself called upon to laj' down even the general principles which should govern on this subject, (the plaintiff in the Court below having failed to move for a rule) yet there can be no impropriety in saying, that as at present advised, I concur in the opinion just cited from the Supreme Court of New-York.
As to the instruction moved for by the defendant in the Court below, it was certainly properly rejected, for the reason assigned by the Court.
I am also of opinion, that the Court was right, in giving the instruction stated in the second hill of exceptions. The giving of a check is a matter whose character is very equivocal. It may be given in payment of a debt due, or it may be given on a mere loan. Its character may be decided by the circumstances which attend or follow it. If the check in controversy had been given by Boast to *484 M’Rae for a debt due by the former to the latter, and had not been settled or accounted for between the parties, it is very improbable, that at a period so long subsequent, M’Rae would have executed his own note to Boast to be endorsed by Boast, for the accommodation of M’Rae. It is much more probable, that M’Rae would have taken Boast’s note to himself, for the amount of the check. The giving his own note to Boast, was therefore rightly determined to afford prima facie evidence, that the check had been settled or accounted for.
The judgments ought to be affirmed.
The other Judges concurred and the judgments were affirmed. *

 The President, absent.